Dewey, J.
Joanna Cook, the mother of Naomi Cook, one of the petitioners, and upon whose right the entire claim for partition rests, was once seized in fee of the two lots of land now the subject of controversy. The daughter Naomi, upon the decease of Joanna Cook, acquired an interest therein and is entitled to have her share set off in severalty, unless it appears that the title of the mother or daughter or of both has been defeated.
The only mode, in which it is supposed to have been thus divested, is by force of the last will and testament of Gad Cook, and the acts of Joanna Cook and her children, confirming the same. Gad Cook died on the 24th of May, 1828, having by his will devised not only all his own property, but also the three lots in which partition is now prayed for, and in which he had no interest beyond his own life. These lots were by him devised to his son Obed Cook. But as Gad Cook had no legal estate in them, that was devisable, his will could not pass the same as against the lawful owner in fee, Joanna Cook. Had nothing further taken place than such naked devise to Obed Cook, clearly nothing would have passed thereby, and Joanna Cook would have continued seized of the estate in these lots of land, and upon her decease they would have passed to her heirs, of whom Naomi Fitts was one.
Has any thing been shown to defeat the title of Joanna ? The respondent alleges, that this title has been defeated by her own acts, and that the doctrine of equitable estoppel should now bar her heirs from enforcing such title. This is said to have resulted from the provisions of the will of Gad Cook, in which he devised the land in controversy to Obed, and by the same will gave to Joanna, his wife, the use of one third part of his real estate, certain privileges as to the occupation of his dwelling-house, and certain legacies of personal estate; which devise in favor of his wife, it is alleged, was accepted by her, and taking the same under the will of Gad Cook, she ought *600 now to be estopped from setting aside the other provisions of the will in favor of Obed, although the lands devised to Obed were in fact the lands of Joanna and holden by her in fee-simple in her own right.
The doctrine of equitable estoppels has undoubtedly been sanctioned by courts of equity; and although more properly a matter in equity, and more conveniently moulded to effect equity in courts having full chancery powers, it has also its place in courts of law, and may be there applied when the facts are such as will warrant its application. It is to be remarked, however, that the cases, to which it has been applied most frequently, as arising under wills, have been cases of estoppel to claims for dower. Under proper evidence to make out such defence, courts both of law and equity have held the widow estopped from setting up a claim of dower, where she has acted under the will and taken the benefit of the provisions of the will made on her behalf, and where enforcing her claim for dower would defeat other devises. Assuming that the like defence might equally prevail, to defeat an estate in fee-simple of the widow, who claimed devises under the will of her husband, the farther inquiry" is, whether there are any facts in the present case, to show an acceptance by the wife of the provisions of the will, that should bar her from enforcing her claim to her estate in fee-simple, which had been devised by her husband to Obed Cook.
The facts stated as bearing upon this point are very few, and not of a decided character, for the purpose of showing any exercise of adverse rights. It is stated, that no one opposed the probate of the will of Gad Cook, containing this devise to Obed Cook of the lands in controversy. Be it so ; that proves nothing as to the assent to the devise of Joanna Cook’s land. The right to prove the will depended merely upon the formal execution of it; there being property of Gad Cook to pass by it, which would authorize probate of the will. The question of probate of the will would raise no question as to the devise of the land of Joanna Cook to Obed Cook. The omission to oppose the probate of the will is of no weight therefore in this case.
*601 Then the manner of the occupation of the land and house, and the fact that her dower was not set off to Joanna Cook, were relied upon to prove an acceptance of the will by her. The facts stated are, that Joanna Cook, with her children, including Obed, lived on the estate without any actual division of the property, real or personal, until Obed’s marriage in 1847. In the mean time, Obed had charge of all the farm work and all the lands, and his mother of the household affairs.
All this is perfectly consistent with the natural course of things, when the widow and children choose to continue to occupy together; and it is not inconsistent with Joanna Cook’s legal rights, and a present purpose on her part, at a future day, to assert her right to the land, of which she was seized in her own right, and independent of her husband. Take the facts as stated. All the other lands were occupied by Obed, as well as those which are the subject of controversy. But the will gave Joanna, Cook one third part of the real estate. She did not set off this one third. Things being left in this loose state, and none of the parties exercising rights adversely to each other, it will not do to draw inferences from these acts, that shall operate as an estoppel against parties subsequently setting up legal rights to the lands thus occupied.
To authorize such estoppel, the conduct of the party should be manifestly inconsistent with the rights now claimed. Estoppel in pais only arises when manifest justice and equity, as respects the interest of another, require its application. In looking at the provisions of this will, it will be seen, that they are so little a departure from what would have been the legal rights of Joanna Cook, without the will, that little can be inferred from her subsequent use of the property in the manner set forth in the agreed statement.
“ The use of one third of the real estate,” given by the will, was just the same as her legal estate without the will. The right of occupying such part, of the dwelling-house, “ as may best promote her comfort and convenience,” was additional to her estate at law. But there is no evidence of her occupation of the house in her own right, in distinction from, or adverse to, her children’s right. So of the cow and household furni *602 turc; they may have been used for the benefit of all the family equally, and not by her exclusively. The further facts relied upon in the statement, that Obed Cook purchased of Fitts and wife, about a year since, their interest in the furniture which was devised by Gad Cook, does not prove any acceptance of the will or assent to the same. Whether it was the property of Joanna Cook, or property of the estate of Gad Cook, upon the death of Joanna Cook, it might naturally be divided among the children who survived her, and be made the subject of a sale of an undivided interest therein.
Indeed, the whole circumstances stated as to the use of the property, after the death of Gad Cook, are consistent with a family arrangement among themselves, to live together during the life of Joanna Cook, and all to participate in the property, without any special reference to the will, or to the devise therein of property belonging to Joanna Cook.
The paper title was clearly in Joanna Cook. The estate was in her, and descended to the petitioners, unless the estoppel prevented it. In the opinion of the court, the estoppel is not sufficiently made out, to defeat the otherwise legal title of Joanna Cook. Partition to be granted.